1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDMUNDO A. ZUNIGA,              )
                               )
          Plaintiff,           )          2:13-cv-01138-JCM-VCF
                               )
vs.                            )
                               )          **ORDER**
ATTORNEY GENERAL, *et al.*,    )
                               )
          Defendants.          )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Before the court are two motions: petitioner's motion for reconsideration of the court's denial of his motion for the appointment of counsel (ECF No. 7) and respondents' motion to dismiss (ECF No. 9).

**I. Procedural History**

On September 1, 2006, the state charged petitioner with murder, by way of criminal information.  (Exhibit 4).[1]  Petitioner pled guilty to a negotiated charge of second-degree murder. (Exhibit 5, at p. 8).  Petitioner was sentenced to a term of life imprisonment with the possibility of parole after 10 years, with an equal and consecutive sentence for use of a deadly weapon.  (Exhibit 6).  Petitioner did not file a direct appeal.

_____

[1]  The exhibits referenced in this order are found in the court's record at ECF Nos. 10-12.

1    On June 3, 2009, petitioner filed a post-conviction habeas petition in state court. (Exhibit

2    10). Petitioner later filed a supplemental petition on December 8, 2010. (Exhibit 23). On July 29,

3    2011, the state district court conducted a hearing on the state habeas petition. (Exhibit 35). On

4    August 26, 2011, the state district court dismissed the petition as untimely. (Exhibit 36).

5    Petitioner appealed the dismissal of his state habeas petition to the Nevada Supreme Court.

6    (Exhibit 38). On November 15, 2012, the Nevada Supreme Court affirmed the dismissal of

7    petitioner's post-conviction habeas petition on the ground that the petition was untimely pursuant to

8    NRS 34.726, and because petitioner failed to show cause and prejudice or a fundamental miscarriage

9    of justice. (Exhibit 51). Petitioner filed a motion for rehearing, but the petition was denied.

10   (Exhibits 52 & 53). Remittitur issued on February 25, 2013. (Exhibit 55).

11   Petitioner dispatched his federal habeas petition to this court on June 24, 2013. (ECF No. 6).

12   On August 28, 2013, this court denied petitioner's motion for the appointment of counsel and

13   directed respondents to file a response to the petition. (ECF No. 5). Petitioner filed a motion for

14   reconsideration regarding the denial of his motion for the appointment of counsel. (ECF No. 7).

15   Respondents have filed a motion to dismiss the petition. (ECF No. 9). Petitioner filed a response.

16   (ECF No. 14). Respondents filed a reply. (ECF No. 15).

17   **II. Petitioner's Motion for Reconsideration**

18   Petitioner has filed a motion for reconsideration of the court's denial of his motion seeking

19   the appointment of counsel. (ECF No. 7). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court

20   has discretion to appoint counsel when it determines that the "interests of justice" require

21   representation. There is no constitutional right to appointed counsel for a federal habeas corpus

22   proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428

23   (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801

24   F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d

25   1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As the court stated in its order of August

26   28, 2013, the petition on file in this action is well-written and sufficiently clear in presenting the

2

issues that petitioner wishes to bring.  The issues in this case are not complex.  Counsel is not

justified in this instance.  The motion for reconsideration of the court's prior denial of petitioner's

motion for the appointment of counsel is denied.

### III. Respondents' Motion to Dismiss

Respondents argue that the petition is untimely.  The Antiterrorism and Effective Death

Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a

one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the

statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction

petition, which was rejected by the state court as untimely under the statute of limitations, is not

"properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations

1    period.  *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).   The Court in *Pace v. DiGuglielmo* held

2    as follows:

3           In common understanding, a petition filed after a time limit, and
            which does not fit within any exceptions to that limit, is no more

4           "properly filed" than a petition filed after a time limit that permits
            no exception.

5                                            * * *

6
            What we intimated in *Saffold* we now hold: When a

7           postconviction petition is untimely under state law, "that [is] the
            end of the matter" for the purposes of § 2244(d)(2).

8
     *Id.* at 413-14.

9
            In the present case, petitioner's judgment of conviction was entered on December 15, 2006.

10   (Exhibit 6).  Petitioner did not file a direct appeal.  Therefore, his conviction became final 30 days

11   later, on January 14, 2007, when the time to file a direct appeal expired.  28 U.S.C. § 2244(d)(1)(A);

12   Nev. R. App. P. 4(b) ("the notice of appeal by a defendant or petitioner in a criminal case shall be

13   filed with the district court clerk within 30 days after the judgment"); *Wixom v. Washington*, 264

14   F.3d 894, 897 (9th Cir. 2001).  Petitioner then had one year, or until January 14, 2008, to file a timely

15   federal habeas petition.  28 U.S.C. § 2244(d).

16          Petitioner filed his state post-conviction habeas petition on June 3, 2009.  (Exhibit 10).

17   While a properly filed state post-conviction petition tolls the statute of limitations, a state post-

18   conviction petition that violates the state statute of limitations is not "properly filed" for purposes of

19   28 U.S.C. § 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005).  The state district court

20   dismissed the petition as untimely.  (Exhibit 36).  On November 15, 2012, the Nevada Supreme

21   Court also held that petitioner's state habeas petition was untimely pursuant to NRS 34.726.

22   (Exhibit 55).  Thus, petitioner's state habeas petition was not a "properly filed application" that

23   would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2).  Moreover, an application

24   for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner

25   files it after the AEDPA statute of limitations has expired.  *Ferguson v. Palmateer*, 321 F.3d 820,

26   823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  Therefore, the time period in

                                                     4

1   which petitioner's post-conviction habeas petition was pending in the state courts is not entitled to

2   statutory tolling.

3         Petitioner dispatched the federal habeas petition on June 24, 2013.  (ECF No. 6, at p. 1).

4   Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it

5   was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  Petitioner

6   filed his federal habeas petition more than five years after the expiration of the AEDPA statute of

7   limitations.  The federal habeas petition is untimely and must be dismissed, unless petitioner is

8   entitled to equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), or unless petitioner

9   can make an adequate showing of actual innocence, *see McQuiggin v. Perkins*, 133 S.Ct. 1924,

10   1928-35 (2013).

11         The United States Supreme Court has held that the AEDPA's statute of limitations "is subject

12   to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The

13   Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that

14   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

15   way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544

16   U.S. 408, 418 (2005)).  The petitioner bears the burden of demonstrating that he is entitled to

17   equitable tolling.  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).  "[A]

18   petitioner must show that his untimeliness was caused by an external impediment and not by his own

19   lack of diligence."  *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).  A petitioner

20   "must show that some 'external force' caused his untimeliness, rather than mere 'oversight,

21   miscalculation or negligence.'"  *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting

22   *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)).  A *pro se* petitioner's lack of

23   legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling.

24   *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  In his response to the motion to dismiss,

25   petitioner has failed to make any showing that he pursued his rights diligently and that any

26   extraordinary circumstance prevented him from filing a timely federal petition.  Petitioner is not

1    entitled to equitable tolling.

2            Finally, a federal habeas petitioner may overcome the expiration of the AEDPA statute of

3    limitations by making a showing of actual innocence, allowing the court to review the petition on the

4    merits. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013); *see also Lee v. Lampert*, 653 F.3d

5    929 (9th Cir. 2011). When an otherwise time-barred habeas petitioner "presents evidence of

6    innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is

7    also satisfied that the trial was free of non-harmless constitutional error," the court may consider the

8    petition on the merits. *Id*. at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Under *Schlup*,

9    a petitioner may overcome a procedural default or expiration of the statute of limitations by (1)

10   producing "new reliable evidence [of innocence] – whether it be exculpatory scientific evidence,

11   trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial,"

12   *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror

13   would have convicted him in light of the new evidence." *Id*. at 327. The *Schlup* standard permits

14   review only in the "extraordinary" case. *Id*. at 324. The Supreme Court has cautioned that "tenable

15   actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. "[A] petitioner does not

16   meet the threshold requirement unless he persuades the district court that, in light of the new

17   evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

18   doubt." *Id.* (citing *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006)

19   (emphasizing that the *Schlup* standard is demanding and seldom met).

20           In his response to the motion to dismiss, petitioner asserts that the failure of this court to

21   consider the merits of his claims will result in a fundamental miscarriage of justice. (ECF No. 14, at

22   p. 2). Petitioner offers no support for this statement in his response, however, petitioner alleges in

23   his federal petition that he is "actually innocent." (ECF No. 6, at pp. 3-9). Petitioner's claim of

24   actual innocence does not excuse the untimely filing of the federal petition, for two reasons. First,

25   petitioner has not alleged the existence of any new reliable evidence of innocence, therefore, he

26   cannot pass through the *Schlup* actual innocence gateway to allow this court to reach the merits of

his petition.  Second, petitioner's argument of actual innocence argument is one of legal, not factual, innocence.  The argument is therefore insufficient to overcome the federal timeliness bar.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency.").  Petitioner's actual innocence argument lacks merit and the petition must be dismissed as untimely.

## IV.  Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this court's dismissal of the petition debatable or wrong.  The court therefore denies petitioner a certificate of appealability.

## V.  Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of the denial of his motion for the appointment of counsel (ECF No. 7) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED.**

1    **IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as

2  untimely.

3    **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

4  **APPEALABILITY.**

5    **IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT**

6  **ACCORDINGLY.**

7      Dated June 17, 2014.

8

9    _____

10     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26